## JAMES L. WELLS CO. v. SILVERMAN.

(Supreme Court, Appellate Term.   November 11, 1910.)

EVIDENCE (§ 148*)—TELEPHONE CONVERSATION—IDENTITY OF PARTY—ERROR.

Where plaintiff sued to recover a commission for procuring a loan, and the only evidence of employment by the defendant was that of an agent of the plaintiff, who testified to a conversation with the defendant over the telephone, but who also testified that he had never previously seen or spoken with the defendant, such testimony was inadmissible.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. 148.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the James L. Wells Company against Aaron Silverman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Bloch & Hoffman (Alexander Bloch, of counsel), for appellant.

Jacob M. Mandelbaum (Willoughby B. Dobbs, of counsel), for respondent.

BIJUR, J.   This action was brought to recover an alleged agreed commission of 1 per cent. for procuring a person ready, able, and willing to make a loan of $40,000.   The making of the agreement is denied by defendant.

The only evidence to connect the defendant with the agreement is that of one Martin, who describes himself as "a member of" plaintiff corporation, who testifies that he had a conversation with the defendant over the telephone, that he had never seen or spoken with the defendant previously, and, in fact, had never seen him until he appeared in court, which was two months after the alleged telephonic communication.   Under these circumstances the testimony should have been excluded, as objection was properly taken thereto by defendant's counsel.   A futile attempt to give plausibility to the claim that this might be competent testimony was subsequently made by this witness, when recalled, by evidence in the following words:

"A gentleman came to the phone, whom I recognized by the tone of his voice, and said he was Mr. Silverman.   *   *   *   Q. You don't know whether this was the son or the father that spoke to you?   A. It was the gentleman I heard this morning whose voice—   Q. Which one?   A. The father, that was here this morning; the one that answered me first was in a low tone."

Whatever this may mean, it falls far short of complying with any of the requirements which render competent testimony of a telephonic conversation.   Without, therefore, adverting to any of the other alleged errors committed in the course of the trial, this one, on the most important point involved in the case, requires a reversal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes